tioner to petition for fees against his client. We further find that the order denying fees was in error as the court lacked jurisdiction so to do. The appellant's right to a determination of fees is by an action at law.

Reversed as to all orders fixing the fee of appellant.

Judgment reversed.

SEIDENFELD, P. J., concurs.

Mr. JUSTICE ABRAHAMSON dissenting:

I cannot agree with the majority. It would appear to me that the appellant attempted to enforce his attorney's lien in the divorce action, which in my opinion the circuit court had jurisdiction to hear, pursuant to ch. 13, sec. 14. (Ill. Rev. Stat. 1971, ch. 13, sec. 14.) Having elected to file his lien in the divorce action, he is now precluded from the relief sought here. I make no comments on the proofs submitted to sustain the lien.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM PERRILL, Defendant-Appellant.

(No. 71-336;

Second District—November 22, 1972.

Opinion by Mr. JUSTICE GUILD.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Alphonse F. Witt, Assistant State's Attorney, of counsel,) for the People.